does not create such a lien upon his real estate as will be respected and enforced by the bankruptcy court, when the defendant has been subsequently declared a bankrupt so late as 1868.

[Cited in Re Butler, Case No. 2,236.]

2. The register cannot order or permit the withdrawal of a proof of debt after he has passed upon the same, allowed, certified, and transmitted it to the assignees.

In bankruptcy.

BROOKS, District Judge. By the case argued in this cause by D. G. McRae, assignee of Milton McIntosh and Henry Lilly, as creditors of said bankrupt, this question is first presented: "Does the issuing of a writ of fieri facias to the county in which the lands of the defendant are situated, upon a judgment recorded against such defendant in the county court of another county, tested of March term, 1861, and returnable at June term, 1861, of said court, create such a lien upon the real estate of the defendant as will be respected and enforced by the bankruptcy court, the said defendant having been subsequently declared a bankrupt upon his own petition in the month of March, 1868?"

It is now settled in North Carolina that a judgment does not create a lien in favor of the plaintiff, upon the property, either real or personal, of the defendant, nor does the issuing of a fieri facias upon such judgment create a lien. In this respect we are governed by the common law. In many of the states it is different, but it is made so by the statutes of those states. The law is also now different in North Carolina. It was the case long before in this state, that if a plaintiff obtained a judgment, issued his fieri facias, and the same came to the sheriff of a county in which the defendant's property was situated, and the sheriff levied upon such property, that such levy related back to the test term of the execution, and created a lien upon the property levied on, from the beginning of said term, for the satisfaction of the plaintiff's debt. But without a levy, the only execution issued in this case, became a dead process after the return day, to wit, the Monday of June term, 1861. Subsequent to that time the sheriff was not authorized to do anything by that process; and if a year and a day elapsed from the issuing of another execution, the judgment became dormant, so that no fieri facias or other final process could issue without a revival of the same. A federal court is asked to declare that a lien has been created in behalf of the plaintiff Lilly, and to enforce such lien by ordering the assignee to pay to the said plaintiff the proceeds of the sales of the bankrupt's property or sufficient to satisfy his judgment. This the court would do, if by the course pursued by the plaintiff he had by the laws of North Carolina acquired a lien, and had preserved such lien up to the time of the bankruptcy of the defendant. That the plaintiff never acquired such lien I think is very clearly shown in the leading case of Smith v. Spencer, 3 Ired. 256;

and this, since the very able and elaborate opinion of Judge Ruffin in that case, has been regarded as the settled law in North Carolina.

It is unnecessary to decide the second question propounded, as it is in effect determined by answer to the first.

In answer to the third question submitted, I state that the register cannot order or permit the withdrawal of a proof of debt after he has passed upon the same, allowed, certified, and transmitted same to the assignee.

---

McINTOSH (McELRATH v.). See Case No. 8,781.

McINTOSH (SHERWOOD v.). See Case No. 12,778.

---

## Case No. 8,827.

### McINTOSH v. SUMMERS.

[1 Cranch, C. C. 41.] [1]

Circuit Court, District of Columbia. Oct. Term, 1801.

CONTRACTS—IN WRITING—NOVATION—ORAL AGREEMENT.

Oral evidence of an agreement that the defendant should retain certain notes as security against other notes, may be given although there be a written agreement to return them on demand.

Trover for sundry notes. Evidence was given of a demand and refusal, the defendant stating that he held them as counter security to indemnify him against his indorsement of a note held by Tafts and Brooks. Evidence on the part of the defendant was produced of conversations between the plaintiff and defendant in which it was agreed, or understood that the latter was to retain the notes for that purpose.

THE COURT instructed the jury that if they should be of opinion that McIntosh had agreed that the papers should be left with Summers for that purpose, then he had a lien on them: and that in such case his refusal was no evidence of a conversion.

Mr. Lee, for plaintiff, moved the court to instruct the jury that an oral agreement to leave the notes in his possession could not control the written agreement to return them on demand. Which instruction the court refused to give; and a bill of exceptions was taken, but the case was never carried to the supreme court, the verdict being for the plaintiff.

---

## Case No. 8,828.

### In re McINTYRE.

[See Case No. 8,822.]

---

## Case No. 8,829.

### In re McINTYRE.

[See Case No. 8,823.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]